THE MANHATTAN RAILWAY COMPANY, PLAINTIFF, *v.* JOHN M. CORNELL, DEFENDANT.

*Bond of indemnity against liability for accidents, given by a contractor to a railroad company — it does not cover the case of an injury caused by the negligence of the company.*

A contractor, for the construction of a station platform on an elevated railway, agreed " to assume all liability for, and to indemnify the company against, all loss, costs or damage, * * * arising from injuries sustained by mechanics, laborers or other persons by reason of accidents or otherwise."

A laborer, while in the employment of the contractor, was struck by one of the engines of the railway company and was so injured that he died. To recover the damages arising from the alleged negligence of the railway company, an action was brought, resulting in the payment by the railway company of $1,000 damages:

*Held,* that the agreement did not cover this case.

That while the language of the contract was very general, it could not properly be construed to impose upon the contractor the obligation to protect the plaintiff against the negligence of persons in its own employment.

CASE submitted, upon an agreed statement of facts, under the provisions of section 1279 of the Code of Civil Procedure.

*Samuel H. Benton,* for the plaintiff.

*Tallmadge W. Foster,* for the defendant.

Daniels, J. :

The plaintiff entered into a contract with J. B. & J. M. Cornell for the extension of its station platform on its Sixth avenue line at Fifty-eighth street, in the city of New York. The contract contains the agreement that :

2. The contractor to assume all liability for, and to indemnify the company against all loss, cost or damage, for or by reason of any liens, claims or demands for materials or from laborers, mechanics and others, and from any damages arising from injuries sustained by mechanics, laborers or other persons, by reason of accidents or otherwise, and from damages sustained by depositing materials to the injury of the city or any person, including costs and expenses of defense, providing that they be duly notified of the bringing of such suits in such cases, and be permited to defend the same by their own counsel if they should so elect.

While the work was in progress, John Sullivan, who was a laborer in the employment of the contractors' firm, was struck by one of the plaintiff's engines and so injured that he died on the 6th of March, 1886. His widow, as administratrix, brought an action against the plaintiff to recover damages for the killing of her husband, alleging that to have been caused by the negligence of the plaintiff. This action was not brought to trial, but it was settled for the sum of $1,000, and, by the stipulation providing for the settlement, the contractors agreed that the settlement should be without prejudice to the company's right to claim indemnity for the amount paid, from them.

There is, however, no reasonable ground for sustaining the position taken by the plaintiff that the defendant, who is the surviving member of the contractors' firm, should reimburse to it the moneys paid for bringing about this adjustment, for the accident by which Sullivan lost his life was the negligence of the plaintiff itself, and not of any person in the employment of the contractors. For, while the language of this part of the contract is very general, it cannot reasonably be so construed as to impose upon the contractors the obligation to protect the plaintiff against the carelessness or negligence of persons in its own employment. What the parties designed and intended by this part of the agreement was to indemnify the plaintiff against liability for any damages or injuries that

might be sustained by persons in the employment of the contractors in the progress and execution of their work. As to those injuries, they took the responsibility of loss upon themselves, and that they very well could be expected to do, inasmuch as they would proceed, if they occurred, from the acts of the contractors themselves, or persons in their employment. They had nothing whatever to do with the operation of the plaintiff's railway. The persons engaged in that pursuit were employed by the plaintiff itself. There was no relation whatever existing between them and the contractors, and it is not reasonable to suppose that in the use of this language, either the plaintiff or the contractors intended or understood the latter to be obligated to indemnify the plaintiff against the carelessness or misconduct of its own servants or employees.

The plaintiff has no legal claim against the defendant for indemnity arising out of these facts, and judgment to that effect should be directed in favor of the defendant, together with the costs of this proceeding.

VAN BRUNT, P. J. and BRADY, J., concurred.

Judgment in favor of the defendant, as directed in the opinion, together with costs.