### THE SLINGSBY.

(District Court, E. D. New York. January 29, 1902.)

1. SHIPPING—INJURY OF STEVEDORE—NEGLIGENCE OF SHIP'S SERVANT.
    A ship is liable to an employé of stevedores working thereon for an injury caused by the negligence of a winchman, who was a servant of the ship, in starting the winch without orders.

2. SAME—SUIT IN REM—LACHES.
    One having a cause of action in rem against a ship for an injury is at liberty to pursue his remedy against the offending vessel rather than against the owners, and where she is a foreign vessel, and he causes her to be libeled on her second visit to the port after the injury, he is not chargeable with laches.

3. SAME—RIGHT OF SHIP TO INDEMNITY FROM STEVEDORES—CONSTRUCTION OF CONTRACT.
    A clause in a contract by stevedores for unloading a ship, stating that "we are insured against all accidents which may occur to our men while employed by us," does not give the ship a right of action against the stevedores for indemnity because of a recovery against it by one of the stevedore's employés for an injury caused solely by the ship's negligence.

In Admiralty. Suit in rem to recover for a personal injury.

W. C. Beecher, for libelant.
Convers & Kirlin, for the Slingsby.
Nadal, Smyth & Carrere, for respondents.

THOMAS, District Judge. The libelant, in the employ of the stevedores discharging the steamship Slingsby, was aiding in re-

¶ 2. See Admiralty, vol. 1, Cent. Dig. § 317.

arranging the rigging and tackle used in connection with the derrick for hoisting cargo, when his hand was drawn into a block, whereby he received the injuries herein involved. The winch had been stopped while this work was in progress, and was, as libelant alleges, started without orders, through the negligence of the winchman, who was the servant of the ship. The preponderance of evidence shows that the winch was negligently started, in the absence of an order so to do. There is no evidence of contributory negligence on the part of the libelant, or of his fellow servants, or of the stevedores. The sole fault was that of the winchman, and for that the ship and her owners are responsible.

The libelant has not been guilty of laches. The Slingsby was a foreign vessel, and was at this port but on a single occasion after the accident. While other vessels of the owners were frequently in port, the libelant was at liberty to pursue his remedy against the offending vessel.

It is suggested that the ship might have a cause of action against the stevedores, and that this court should pass upon the liability of such stevedores to the ship, and adjust the equities in this action. As has already been stated, the accident did not arise from the culpable fault of the stevedores. But it is urged that in the contract for the unloading of the vessel there was this stipulation: "We are insured against all accidents which may occur to our men while employed by us." This stipulation would not include a case where the accident was caused by the negligence of the ship, so as to compel the stevedores to indemnify the ship. Railway Co. v. Cornell, 54 Hun, 292, 7 N. Y. Supp. 557.

Let there be a decree for the libelant, pursuant to this opinion, for the sum of $5,000, with costs.