## THE GLADESTRY.

(District Court, E. D. New York.   May 13, 1903.)

1. SHIPPING—INJURY OF STEVEDORES—LIABILITY OF SHIP.
  Stevedores *held* entitled to recover damages from the ship for personal injuries resulting from the disobedience of orders or negligence of the winchmen, who were furnished by the ship, in discharging a cargo of logs.

In Admiralty.   Actions for personal injuries.

Frederick B. Bailey, for libelants.

Convers & Kirlin, for claimants.

THOMAS, District Judge.   Kramer, foreman of the stevedores, claims that the gangwayman ordered the winchman furnished by the ship to go ahead easy, but that the winchman went ahead rapidly, drawing out a log in the hold with such force as to injure the foreman of the stevedores, whereby he was absent from his work for about four months on account of injury to his foot.   The winchman testifies that he was not operating the winch at the time, but was forward thereof looking down into the hatch, and the contention is that the libelant was injured by prying out the log with a bar.   Whatever the fact may be, the preponderance of evidence shows that the accident did not happen as the winchman claims, but as the libelant claims.   He should recover the sum of $600.

The accident to Lyons happened the day before, with a different member of the ship's crew at the winch.   The evidence of the libelant is to the effect that the winchman was ordered to stop and go back with his winch, and that with the expectation that he would do so the libelant placed himself in such relation to the log that was being drawn out that he was injured by the winchman going ahead in disobedience of orders.   This the winchman denies.   Here again the evidence preponderates in favor of the libelant.   Lyons' third finger was injured seriously and required surgical treatment.   It is now bent, and will so remain unless it be subjected to an operation.   He should recover the sum of $1,000.