## THE GLADESTRY.

(Circuit Court of Appeals, Second Circuit. February 23, 1904.)

No. 167.

1. FEDERAL COURTS—APPEAL—FINDINGS OF TRIAL JUDGE—CONCLUSIVENESS.

  Where an action was tried before the District Judge, who saw all the witnesses, his findings of fact will be followed on appeal.

2. MASTER AND SERVANT—SERVANTS OF SEPARATE MASTERS IN SAME WORK—FELLOW SERVANTS.

  A firm of stevedores contracted to discharge and load a vessel, being required to furnish all labor and appliances, except that the ship was to furnish winches and winchmen. Plaintiff, a servant of the stevedores, was injured by the negligence of the winchman in failing to obey an order to reverse the winch. *Held*, that the winchman, not being under the control of the stevedores, was not plaintiff's fellow servant, so as to preclude plaintiff from recovering for his negligence.

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the District Court, Eastern District of New York, in favor of libelant for damages from personal injuries. 124 Fed. 112. The libelant was engaged as a stevedore, working in the employ of the firm of Wilson & Irvine, in discharging a cargo of logs from hatch No. 4 of the steamship Gladestry. The winch which was used in connection with the work was furnished by the ship and run by one of her crew. It was charged that the winchman was negligent in that, when the gangwayman sang out to him to "come back" (i. e., to reverse the winch), he went ahead with it, whereby the libelant's finger was crushed.

J. Parker Kirlin, for appellant.

Fredk. B. Bailey, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The libelant, the gangwayman, and a fellow workman all testified to the winchman's failure to obey the order given. The latter testifies that he conformed to whatever order he received. The cause was tried before the District Judge, who saw all the witnesses, and his findings of fact will be followed here.

It is contended that the winchman was a fellow servant with the libelant. There was a similar contention in The S. S. Slingsby, 120 Fed. 748, 57 C. C. A. 52, where the point was quite fully discussed, and the conclusion reached that upon the facts of that case the winchman did not become pro hac vice the servant of the firm of stevedores. The important piece of evidence in that case, as will be seen from the opinion, was the contract under which the work was being done. By its terms the stevedores agreed to "discharge and load," and the owners of the steamship agreed to "furnish winches and drivers [i. e., winchmen]." The contract in the case at bar is to the same effect;

¶ 2. Who are fellow servants, see notes to Railroad Co. v. Smith, 8 C. C. A. 668; Railway Co. v. Johnston, 9 C. C. A. 596; Flippin v. Kimball, 31 C. C. A. 286. Negligence of employé of independent contractor, see note to Transport Co. v. Coneys, 28 C. C. A. 392.

See Master and Servant, vol. 34, Cent. Dig. § 485.

its language is, "the ship to furnish steam winchmen, falls and slings." There has been an effort to differentiate the case at bar by the testimony of one of the firm of stevedores as to what he understood he had a right to do under this contract, and as to what he had been allowed to do under similar contracts with other parties, but it is unimportant. Under the contract the ship retained the power to select and remove winchmen, and the case cannot be distinguished from that of The Slingsby.

The decree is affirmed, with interest and costs.