## THE HOWELL.

(Circuit Court of Appeals, Second Circuit. April 6, 1921.)

### No. 133.

1. **Shipping ☞84 (1)—Injured stevedore cannot recover on rights of seaman.**
   A stevedore, not being a member of the crew, cannot recover for personal injuries on the basis of a seaman's rights or contract, but must recover, if at all, on principles of negligence.

2. **Shipping ☞86 (2)—Stevedore held entitled to recover for master's negligence in fastening shackle to fall.**
   On libel for injuries to a stevedore, resulting from the fall of a shackle bolt, evidence *held* to show that the accident was caused by the master's negligence in failing to fasten the nut on the bolt sufficiently tight when he attached the shackle to the fall of the ship's tackle.

3. **Master and servant ☞200—Stevedore not fellow servant of captain.**
   The stevedore, who was not a member of the crew of a lighter, but was employed to unload her and paid by the hour, is not a fellow servant of the captain, and can recover for injuries caused by the captain's negligence.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Michael McCole against the lighter Howell, of which the Chelsea Lighterage Company was claimant. From a decree dismissing the libel (257 Fed. 578), the libelant appeals. Reversed and remanded, with directions to enter a decree for libelant.

See, also, McCole v. Chelsea Lighterage Co. (C. C. A.) 262 Fed. 1018.

Libelant was one of a gang of longshoremen unloading cargo from the lighter in the harbor of New York. He is a resident of New York; was not a member of the crew but employed at hourly wages, apparently by the master of the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lighter. This action in rem was brought to recover for personal injuries received by libelant while on the lighter's deck under circumstances set forth in the opinion.

The court below (257 Fed. 578) held that McCole's only remedy was that provided by the Workmen's Compensation Law. of New York, and therefore dismissed the libel. This court certified the question to the Supreme Court, but before the case was reached on the calendar the question certified was answered by Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145 (U. S. S. C., May 17, 1920), whereupon the matter was returned to this court and is now to be decided on the merits.

Robert Stewart, of New York City, for appellant.
Walter L. Glenney, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The only point decided below having been settled by the Knickerbocker Case, supra, appellant is entitled to a reversal, and on this new trial a decision unaffected by the Compensation Law of this state (Consol. Laws, c. 67).

McCole and his mates were unloading cargo with the usual boom, fall, and engine-driven winch. The lighter captain fastened to a link at or near the end of the fall a shackle, and of course, in order to do this, took the pin out of the shackle, reinserted it, and testifies that he set the nut on the pin as tight as he could with hand strength. He did not do this in order to put any weight on the shackle, but to make weight at the end of the fall, so that it would "overhaul the drum."

The fall thus rigged was used for some time, when the bolt or pin fell out of the shackle when the boom was elevated, and, falling to the deck, hit the libelant on his head, cutting the scalp, and causing the loss of a tooth. He suffered a good deal of pain, but has in our opinion completely recovered.

[1] Libelant not being a member of the crew, no question of seaman's right or contracts arises, under The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760. He must recover on principles of negligence.

[2] One of two things is certainly true—either the shackle was defective in respect of pin or nut, or both, or the master failed to tighten the nut on the pin when he fixed the shackle to the fall. If so ordinary a piece of apparatus as a shackle was defective—i. e., so loose in its fastening that it could not be set taut—the vessel is plainly liable; but there is no evidence to show that there was any such defect existing. On the other hand, the shackle remained aloft, the pin was seen to be in good condition, but the nut was never found.

We infer that the master did not properly and sufficiently tighten the nut before putting the shackle into service. This has raised the fellow servant question, a doctrine which has certainly "come to be applied to a considerable extent in the admiralty." (Per Holmes, J., dissenting, in the Knickerbocker Case, supra. And, for this circuit, see

The Gladestry, 128 Fed. 591, 63 C. C. A. 198, approved in Standard Oil v. Anderson, 212 U. S. 215, 29 Sup. Ct. 252, 53 L. Ed. 480. For a summary of cases with a dissent from the prevailing view, see 18 Harv. L. Rev. 294.)

[3] But this case is unaffected by that question; for, libelant not being a member of the crew, he was plainly not a fellow servant of the captain. It follows that libelant is entitled to recovery, and he is awarded $750, with the costs of this appeal and the costs of the court below.

The decree appealed from is reversed, and the case remanded, with directions to enter a decree in conformity with this opinion.