**GIMBEL BROTHERS, INC., Appellant,**

v.

**WILLIAM H. VANDERHERCHEN, INC., Appellee**

v.

**BELGRADE WAGON WORKS, Third-Party Defendant.**

**No. 71–1790.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 7, 1972.

Decided Oct. 20, 1972.

Richard W. Hopkins, White & Williams, Philadelphia, Pa., for appellant.

John T. Quinn, McEldrew, Hanamirian, McWilliams, Quinn & Bradley, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

Gimbel Brothers, Inc. (Gimbel) appeals from the district court's entry of summary judgment in favor of the defendant, William H. Vanderherchen, Inc. (Vanderherchen).

Gimbel's complaint alleged that Vanderherchen had contracted to erect various tents for a two-week period at Gim-

bel's Cheltenham branch. After the tents were up, there was a rainstorm and the tents leaked, resulting in about $40,000 worth of damage to Gimbel's goods stored in the tents. Gimbel alleged that this injury was due to Vanderherchen's negligence in supplying or erecting the tents. Jurisdiction was based on diversity.

The district court granted Vanderherchen's motion for summary judgment, which incorporated the lease, because the following provision appeared in such lease prepared by Vanderherchen:

"3. Lessee [Gimbel Brothers, Inc.] hereby indemnifies and agrees to save and keep Lessor [William H. Vanderherchen, Inc.] harmless of and from any loss, damage, liability, costs, claims or charges whatsoever arising as a result of any claim for damage to property, or injury to person, from, during or because of the use of the leased property by Lessee, or the erection or taking down thereof, or storing thereof upon the premises, or otherwise, while the same are in the custody or possession of Lessee, except injuries to any employees of Lessor not caused through Lessee's negligence. Without limiting the generality thereof, it is agreed that lessor shall not be liable for and is hereby indemnified against, any damage to property or injury to person suffered by anyone whatsoever through or because of the said leased property while the same is in Lessee's possession or custody due to any fire, no matter how arising in the said leased property or any breakage defect or failing thereof or to any strikes, picketing, labor disturbances or acts of anyone arising from any labor controversy whether the persons committing the same be at the time employees of Lessor or not."

The test of the effectiveness of such a provision [1] has been set forth in Dilks v.

---

[1]. In regard to validity, we doubt that Gimbel can plausibly maintain that its bargaining position was such as to make this a contract of adhesion. Nor can it

Flohr Chevrolet, Inc., 411 Pa. 425, 436, 192 A.2d 682, 688 (1963):

> "[W]here a person claims that, under the provisions and terms of a contract, he is rendered immune from and relieved of any liability for negligent conduct on his part or the part of his employees, the burden is on such person to prove (a) that such contractual provisions and terms do not contravene public policy and (b) that the provisions and terms of the contract *clearly* and *unequivocally* spell out the *intent* to grant such immunity and relief from liability." (Emphasis in original.)

*See* Neville Chemical Co. v. Union Carbide Corp., 422 F.2d 1205, 1216–1221 (3d Cir. 1970); Warren City Lines, Inc. v. United Refining Co., 220 Pa.Super. 308, 287 A.2d 149 (1971).

 The question this case presents is how the provision in Vanderherchen's contract is to be construed. As stated above, *Dilks* requires that to relieve a party of his own negligence, language must be clear and unequivocal, and the burden of proof falls on the party seeking such relief. This burden is even greater where, as here, such party drafted the agreement. *See* Pennsylvania Railroad Co. v. Erie Avenue Warehouse Co., 302 F.2d 843, 849 (3d Cir. 1962).

The cases have distinguished situations where the indemnity clause explicitly referred to liability for a party's own negligence from situations where there was "an obligation to indemnify for 'all liability' or 'all loss.'" Westinghouse Electric Co. v. Murphy, Inc., 425 Pa. 166 at 173, 228 A.2d 656 at 660. *See also* Neville Chemical Co. v. Union Carbide Corp., 422 F.2d at 1220 ("The clause that Carbide relies on does not include the word negligence or any of its cognates and is essentially a clause of

be said that it would have been unreasonable for Gimbel to bear alone the risk that the tents would cause damage if the lease so provided. In such circumstances, indemnification clauses are valid. *See*

'general import.'"). The language here, while broad, does not specifically state that Vanderherchen is to be indemnified against liability arising out of Vanderherchen's own negligence. Consequently, we hold that the clause is not an effective defense to the allegations in Gimbel's complaint.

The district court's entry of summary judgment will be vacated and the case remanded for proceedings consistent with this opinion.

Jamison v. Ellwood Consolidated Water Co., 420 F.2d 787 (3d Cir. 1970); Westinghouse Electric Co. v. Murphy, Inc., 425 Pa. 166, 228 A.2d 656 (1967).