**POSTTAPE ASSOCIATES**
v.
**EASTMAN KODAK COMPANY.**
Civ. A. No. 72–1009.

United States District Court,
E. D. Pennsylvania.
Dec. 4, 1974.

Edward R. Paul, Philadelphia, Pa., for plaintiff.

Henry T. Reath, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff Posttape Associates, a limited partnership formed to produce a documentary film, has filed this diversity action against defendant Eastman Kodak Company, a manufacturer and seller of photographic film. Defendant has moved for summary judgment.

The burden of demonstrating the appropriateness of summary judgment lies with the movant. Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). "Any doubt as to the existence of a genuine issue of fact is to be resolved against the moving party." United States ex rel Jones v. Rundle, 453 F.2d 147, 150 (3 Cir. 1971). Defendant has not sustained its burden. We, therefore, deny the motion.

To produce the documentary film, plaintiff purchased Ektachrome Commercial film manufactured and sold by defendant. The film was packaged in individual containers, all of which were placed in a larger container. On the outside of only the individual containers was a notice reading:

### READ THIS NOTICE

This film will be replaced if defective in manufacture, labeling, or packaging, or if damaged or lost by us or any subsidiary company even though by negligence or other fault. Except for such replacement, the sale, processing, or other handling of this film for any purpose is without other warranty or liability. Since color dyes may in time change, this film will not be replaced for, or otherwise warranted against, any change in color.

Plaintiff used the film to shoot part of the documentary film. During the processing of the film marks were discovered on the film which made the film commercially useless. Plaintiff claims that defects in the film were caused by defendant's negligence and that defendant has breached the Uniform Commercial Code's warranties of merchantability and fitness for a particular purpose because the film was defectively manufactured, defendant was aware of the particular purpose for which the film was purchased, and the purchase was made in reliance on defendant's expertise. See §§ 2–314 and 2–315 of the Pennsylvania Uniform Commercial Code, Pa.Stat. tit. 12A §§ 2–314 and 2–315. Defendant contends that there has not been a breach of warranty and that, at the time of sale, plaintiff and defendant agreed to limit plaintiff's remedy for breach of warranty or negligence to

replacement.[1] Defendant interprets the notice on the individual film containers as a limitation of remedy to replacement of film if the film is *defectively* or *negligently* manufactured, labeled, or packaged. Plaintiff argues that there was no agreement and that the attempted disclaimer is ineffective under the UCC and Pennsylvania case law.[2] Plaintiff interprets the notice as limiting liability to replacement of film if the film is *defective* in manufacture, labeling, or packaging. Plaintiff argues that defendant's liability is not limited to replacement if the film is *negligently* manufactured.

Under Section 2–719 of the Pennsylvania Uniform Commercial Code, Pa.Stat. tit. 12A § 2–719, the parties may by agreement limit the buyer's breach of warranty remedy to replacement of non-conforming goods or parts so long as the exclusive or limited remedy fulfills its essential purpose and is not unconscionable. Also, the general rule established by Pennsylvania case law is that a private party may validly enter into a contract to relieve himself from liability for the consequences of his own negligent acts provided that person can establish "(a) that such contractual provisions and terms do not contravene public policy and (b) that the provisions and terms of the contract clearly and unequivocally spell out the intent to grant such immunity and relief from liability." Dilks v. Flohr Chevrolet, 411 Pa. 425, 436, 192 A.2d 682, 688 (1963). If the provisions do not clearly and unequivocally spell out this intent, the disclaiming party may, at trial, present evidence that the parties intended the contract to limit liability for negligence. See King v. United States Steel Corporation, 432 Pa. 140, 144, 247 A.2d 563 (1968).

This type of contract is not favored by the law and must be construed strictly, with every doubt resolved against the party seeking to enforce it especially where such party has drafted the contract. Neville Chemical Company v. Union Carbide Corporation, 422 F.2d 1205, 1216 (3 Cir. 1970). For summary judgment to be proper we must find that the contract spells out the intention of the parties with the greatest particularity; no inference from words of general import can establish it. See 422 F.2d at 1217. In Gimbel Brothers, Inc. v. William H. Vanderherchen, Inc., 468 F.2d 597 (3 Cir. 1972), Judge Van Dusen held that a clause of general import, while broad, was not an effective exculpatory clause because it did not specifically state that the disclaiming party was to be indemnified against liability arising out of its own negligence.

The present disclaimer does not specifically disclaim liability for negligence. Defendant has not established that the provisions and terms of the notice clearly and unequivocally spell out the intent to limit defendant's responsibility for the negligent manufacturing of the film. Therefore, for purposes of summary judgment, we are unable to decide that the notice is an effective disclaimer or limitation of defendant's responsibility for the negligent manufacturing of the film.[3]

1. In support of its position defendant refers us to the notice on the film containers, the deposition of Martin Spinelli, co-owner of plaintiff, and the affidavit of Robert A. Colburn. In the deposition Spinelli admits that he was aware of the disclaimer provision. In his affidavit Colburn states that the general commercial practice of the film industry is to limit buyer's remedies to replacement for breach of warranty or negligence.

2. In support of its position plaintiff refers us to the affidavit of Richard M. Gibson, co-owner of plaintiff. In his affidavit Gibson states that he was the person who purchased the film and that he was not aware of a disclaimer provision at the time of purchase.

3. Having decided that the notice, on its face, is not an effective disclaimer of defendant's responsibility for the negligent manufacturing of the film, we do not have to decide whether (1) there was an agreement, (2) the notice effectively limits defendant's liability on any theory, and (3) the parties intended the contract to limit defendant's liability for negligence. The parties will have an opportunity at trial to present evidence on these unanswered questions.