Charles BUSH, Plaintiff,

v.

CHICAGO AND NORTHWESTERN TRANSPORTATION CORP. and Consolidated Rail Corp., Defendants,

v.

UNITED PARCEL SERVICE, Third-Party Defendant.

Civ. A. No. 79–907.

United States District Court, E. D. Pennsylvania.

Sept. 16, 1981.

Samuel Merovitz, Philadelphia, Pa., for plaintiff.

Norbert F. Bergholtz, Philadelphia, Pa., for Chicago & NW.

Stanley S. Frazee, Jr., Philadelphia, Pa., for Conrail.

Frank C. Bender, Philadelphia, Pa., for United Parcel.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff, a United Parcel Service (UPS) employee, sued Chicago and Northwestern Transportation Corp. (C & NW). He alleged that he had sustained personal injuries caused by a hole in the floor of a truck trailer owned by C & NW. The action was removed to this court from the Court of Common Pleas of Philadelphia. After removal, plaintiff amended his complaint to join Consolidated Rail Corporation (Conrail) as a defendant. He alleged as a basis of liability that Conrail was in possession and control of the trailer before the accident. Conrail, seeking indemnification, impleaded UPS as a third-party defendant. Both the defendant, Conrail, and the third-party defendant, UPS, seek summary judgment against the other on the issue of indemnity.

Conrail alleges that a UPS tractor picked up the trailer at Conrail's Aramingo Trailer Van Terminal in Philadelphia on February 3, 1978. Both Conrail and UPS agree that they executed a written "Trailer Use Agreement" (Agreement) governing the use of the trailer. Conrail maintains that this Agreement obligates UPS to indemnify Conrail against the indemnitee's (Conrail's) own negligence. UPS argues that, as a matter of Pennsylvania law, the Agreement cannot be construed to require indemnification for Conrail's own negligence.[1]

The Agreement states in pertinent part: Shipper or Consignee hereby releases and agrees to indemnify and save Consolidated Rail Corporation harmless from all penalties, taxes, legal expense, fines, fees, levies, licenses, forfeitures, loss, damage, expense and liability arising directly or indirectly out of the existence, condition, use, custody or operation of the trailer from any cause whatsoever.

The facts relating to the negligence issue will be developed at trial. The only issue here is the legal effect of the Agreement.

---

1. If plaintiff loses his case against Conrail, the legal effect of the Agreement becomes moot.

For the reasons that follow, I hold that UPS is entitled to judgment as a matter of law. Therefore, I will grant its motion for summary judgment.

A contractual provision will not be construed to require indemnification for an indemnitee's own negligence unless this intention is stated explicitly in clear, precise, and unequivocal terms. *See Gimbel Brothers, Inc. v. William H. Vanderherchen, Inc.,* 468 F.2d 597 (3d Cir. 1972); *Norfolk & Western Railway Co. v. Hardinger Transfer Co.,* 415 F.Supp. 507 (W.D.Pa.1976); *Westinghouse Electric Co. v. Murphy, Inc.,* 425 Pa. 166, 228 A.2d 656 (1967); *Dilks v. Flohr Chevrolet,* 411 Pa. 425, 192 A.2d 682 (1963); *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.,* 404 Pa. 53, 171 A.2d 185 (1961). In *Pittsburgh Steel Co.,* the Pennsylvania Supreme Court stated, "there can be no presumption that the indemnitor intended to assume the responsibility [to indemnify for the indemnitee's negligence] unless the contract puts it beyond doubt . . . ." *Id.* at 59, 171 A.2d at 188 (quoting *Manhattan Ry. Co. v. Cornell,* 54 Hun. 292, 7 N.Y.S. 557 (1889), *aff'd,* 130 N.Y. 637, 29 N.E. 151 (1891)). Furthermore, Conrail's burden of clear expression is even greater here because it drafted the contract. *Norfolk & Western Railway Co. v. Hardinger,* 415 F.Supp. at 510; *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.,* 404 Pa. at 60, 171 A.2d at 189.

Conrail contends that the Agreement's provision that UPS "hereby acknowledges that it has inspected and accepts as serviceable the trailer . . . and hereby releases and waives any and all claims against Consolidated Rail Corporation for damage to cargo, including (but not limited to) water damage, based on [Conrail's] ownership or control of the trailer" coupled with the indemnification provision furnishes the necessary unequivocal terms. I disagree.

Pennsylvania courts have distinguished between indemnity clauses that specifically refer to liability arising from a party's own negligence and those that call for indemnity for "all liability" or "all loss." *Compare Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.,* 404 Pa. at 55, 171 A.2d at 186 (refusing to permit indemnification for indemnitee's negligence where contract read: "Contractor will indemnify . . . buyer from all liability . . . in any manner arising out of or incident to performance of this order . . . .") *with Westinghouse Electric Co. v. Murphy, Inc.,* 425 Pa. at 168–169, 228 A.2d at 658 (permitting indemnification for indemnitee's negligence where contract read: "Seller shall . . . indemnify . . . Buyer . . . whether [Buyer's liability] results from negligence of Buyer . . . or otherwise . . . ."). If an indemnity clause does not expressly mention liability arising from the indemnitee's own negligence, the clause will not cover that situation despite broad, all inclusive language that might suggest otherwise. The clause relied on must include the word negligence or any of its cognates. *Gimbel Brothers v. William H. Vanderherchen, Inc.,* 468 F.2d 597 (3d Cir. 1972).

The Agreement fails to refer explicitly to losses arising from the indemnitee's negligence. Instead, it contains only words of general import. Thus, it does not satisfy the strict standards imposed by Pennsylvania law. *See Colombo v. Republic Steel Corp.,* 448 F.Supp. 833, 835 (W.D.Pa.1978). Therefore, UPS is entitled to judgment as a matter of law on the issue of indemnity.[2]

---

**2.** UPS also argues that its joinder is barred by the Pennsylvania Workmens' Compensation Statute. Pa.Stat.Ann. tit. 77, § 481(b) (Purdon). Because I have resolved the contract issue in favor of UPS, I need not consider this argument.