**EASTERN AIRLINES, INC., Plaintiff**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA, Defendant**

Civil No. 1982-96

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 31, 1983

R. ERIC MOORE, ESQ. (Law Offices of R. ERIC MOORE), Christiansted, St. Croix, V.I., *for plaintiff*

JAMES L. HYMES, III, ESQ., St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

This case is before the Court on cross motions for summary judgment. Fed. R. Civ. P. 56. There appears to be no material fact in dispute and therefore the case is ripe for disposition.

## BACKGROUND

On October 15, 1976, Eastern Airlines (Eastern) entered into a contract with ABC Services, Inc. (ABC) in which ABC undertook to provide janitorial services for Eastern at Eastern's terminal and cargo facilities on St. Thomas. Included in that contract was an indemnity provision, running in favor of Eastern, which read, in pertinent part:

> Contractor agrees and hereby undertakes to indemnify, defend and save harmless Eastern, its officers, employees, servants, representatives, and agents from and against any and all liability, damages, claims, suits or actions of every name and description (including any and all costs and expenses related thereto) brought against Eastern, its officers, employees or agents or suffered by Eastern, its officers, agents and employees on account of any injuries to or death of any persons or damages to or loss of property received or sustained by any person or persons including Eastern, its officers, employees or agents directly or indirectly arising out of or resulting from any acts, or omissions or operations on the part of Contractor, its agents, servants, or employees, except, however, injuries, deaths, damages or losses arising solely from the negligent act of Eastern, its agents, or employees.

Under another provision of the contract, ABC was required to procure and maintain various types of insurance. Pursuant to the latter requirements, ABC did obtain insurance, including an endorsement on one policy which read:

> In consideration of the premium charged, it is hereby agreed to add to this policy the following "Hold Harmless Clause" in favor of Eastern Airlines.

HOLD HARMLESS CLAUSE:

> ABC Services, Inc., agrees to indemnify Eastern, against and hold it harmless from all loss, damage or liability resulting from claims, suits or causes of action for damage to property of, or injury to, any person or persons arising, or alleged to have arisen, from the operations under this contract by ABC Services, Inc., its sub-contractors, agents or employees, and ABC Services, Inc., agrees to pay all expenses of Eastern, including reasonable attorneys' fees in connection with the investigation of any such claims, suits, or causes of action and the defense thereof.

This policy was issued by the defendant Insurance Company of North America (INA).

In 1978 a Mrs. Brenda Bedford, an employee of ABC, brought suit against Eastern for personal injuries which she suffered in the course of her employment. The initial trial ended in a deadlocked jury. Upon a retrial of the cause, the jury found that Eastern was 80% responsible for Mrs. Bedford's injuries, and that the lady was herself 20% at fault. The net award to Mrs. Bedford was $62,240.00 Eastern had requested that ABC assume defense of the Bedford suit through its insurance carrier, INA. Both ABC and INA refused to do so. After the first trial, INA agreed to provide a legal defense for Eastern but refused to pay the resulting judgment.

## DISCUSSION

In its motion for summary judgment, Eastern asks this Court to declare that INA was obligated to defend the underlying action of Bedford v. Eastern Airlines and that INA is now obligated to pay the judgment and to reimburse Eastern for its costs, expenses, and attorney's fees incurred in the defense of the action and in bringing this action for declaratory judgment. INA, of course, asks the Court to declare the opposite.

Eastern argues that it became an additional insured by virtue of the insurance policy INA issued to ABC. INA has so admitted in its Answer. INA also admits in its Answer that the language in the insurance policy expressly incorporates the indemnity agreement between ABC and Eastern. Therefore, all the Court need determine is whether, under the quoted indemnity provision of the ABC-Eastern contract, ABC is required to indemnify Eastern. If so, INA was responsible for the defense of the Bedford action and for payment of the judgment. INA, in its memorandum of law, agrees with this conclusion.

In the indemnity provision, ABC agreed to indemnify Eastern for claims such as the Bedford claim unless the injuries sustained therein were caused "solely from the negligent acts of Eastern, its agents, or employees." INA argues that this exception applies and that the indemnity provision is insufficient to allow Eastern to be indemnified for its own negligence. The clear rule in such cases is that, in order for an indemnitee to be indemnified for its own negligence, the language must be specific, clear and unequivocal that such is the intention of the provision. United States v. Seckinger, 397 U.S. 203 (1970); Draper v. Airco, 580 F.2d 91 (3rd Cir. 1978); (construing Pennsylvania law); Gimbel Brothers v. Van-

derherchen, 468 F.2d 597 (3rd Cir. 1972) (construing Pennsylvania law). It has been held, however, that virtually identical language as that in the Eastern-ABC contract is sufficiently clear and unequivocal to indemnify an indemnitee for its own negligence. In Draper, supra, an indemnity clause provided for indemnification for, inter alia, injuries to third parties, "unless caused solely by the negligent acts or omissions of Airco [the indemnitee] or its employees, agents, licensees, or representatives." 580 F.2d at 101. The Court held this phrase to be sufficiently unambiguous and clear to indemnify the indemnitee for its own negligence, as long as more than one party was found to be the cause of the injuries.

This Court, in Beloit Power Systems v. Hess Oil Virgin Islands Corporation, 19 V.I. 519, 561 F.Supp. 269 (D.V.I. 1983), recently held that an indemnification provision with language very similar to that in the ABC-Eastern contract was sufficient to indemnify an indemnitee for its own negligence. The agreement to indemnify was contained in a contract between defendant Hess Oil Virgin Islands Corp. (HOVIC) and a third-party defendant Litwin Panamerican, Inc., and provided that Hess Oil would be indemnified for, inter alia, injuries to third parties, "unless caused by the sole negligence of HOVIC." We held that where the injuries were shown to have been caused by more than one party, such a provision was sufficiently clear and unequivocal to provide for indemnification to an indemnitee for its own negligence.

■ Draper and Beloit are both controlling in the instant situation. Two parties have been found to have "caused" Bedford's injuries—Eastern and Bedford herself. Accordingly, Eastern is entitled to indemnification under the indemnity clause between it and ABC. Thus, INA was obligated to defend Eastern in the Bedford action and must reimburse Eastern for the costs, expenses and attorney's fees incurred by Eastern in the defense of that action and in bringing this suit for declaratory judgment. It follows that INA is required to pay the judgment rendered against Eastern, and in favor of Brenda Bedford. The motion for summary judgment of Eastern will be granted. Let judgment be entered accordingly.