## Hicks v. Armstrong Cork Co.

446

*Joseph Lurie,* for plaintiffs.
*Christopher S. Underhill,* for Kerr Glass.
*Wiley P. Parker,* for Armstrong World Industries.

BUCKWALTER, *J.,* January 17, 1986—Presently before the court is a motion for summary judgment filed by Kerr Glass Manufacturing Corporation (Kerr Glass) which has been brought into this action as an additional defendant by Armstrong World Industries, original defendant (designated in this case as Armstrong Cork Company, hereinafter Armstrong). Both Armstrong and Kerr Glass have adopted the following statement of facts as presented in briefs.

On or about January 2, 1980, Robert Hicks injured his hand during the course of his employment with Kerr Glass on a rotary machine which had been manufactured by Armstrong at some time prior to 1969 [sic]. The rotary machine, as well as other assets, was sold by Armstrong to Kerr Glass on April 1, 1969, when Armstrong sold off its cap-making division.

Plaintiffs filed this action in the Philadelphia Court of Common Pleas against Armstrong on December 11, 1981, alleging that Armstrong was liable to Hicks on the basis of (a) negligence and (b) strict

liability. On January 27, 1982, Armstrong filed its answer with new matter denying liability for the injuries sustained by Robert Hicks. Plaintiffs filed a reply to Armstrong's new matter on February 18, 1982. Subsequently, this case was transferred to this court on March 21, 1982.

On or about February 1, 1983, Armstrong filed a complaint against Kerr Glass on the theory that paragraph 10(c) of the purchase agreement requires Kerr Glass to indemnify Armstrong if it is found liable to plaintiffs. On June 7, 1983, Kerr Glass filed an answer, denying that Armstrong was entitled to indemnification by Kerr Glass under the provisions of the purchase agreement or for any other reason.

On March 20, 1985, Armstrong filed a motion for partial summary judgment on the strict liability count of plaintiffs' complaint. Plaintiffs have agreed that partial summary judgment can be entered and that the strict liability count can be dismissed. Thus, only the negligence count remains. All pleadings and briefs being submitted, we now consider the motion for summary judgment filed by Kerr Glass.

Pa.R.C.P. 1035 provides that a summary judgment shall be granted only if the record shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Although factual issues remain unresolved between plantiffs Robert and Dorothy Hicks and defendant Armstrong, only the interpretation of a contract provision remains at issue between the two defendants. Kerr Glass maintains that as a matter of law, it has no obligation to indemnify Armstrong in this action. For the following reasons, we agree.

At issue between Armstrong and Kerr Glass is the provision of paragraph 10(c) of the purchase agreement, which contains the following language:

"10.c. Kerr shall indemnify and hold Armstrong and its subsidiaries harmless from and against any damage or loss suffered by them or any of them as a result of any claim of any kind or nature whatsoever with respect to the business purchased by Kerr hereunder arising out of or from finished goods manufactured and/or facts or events occurring after the Closing Time."

Since the decision in Perry v. Payne, 217 Pa. 252, 66 Atl. 553 (1907), Pennsylvania courts and federal courts interpreting state law have consistently found that indemnification clauses will not provide protection for one's own negligence unless such provisions are very specific in their reference to coverage for negligence claims. The United States District Court, Eastern District of Pennsylvania, has said, for example:

"A contractual provision will not be construed to require indemnification for an indemnitee's own negligence unless this intention is stated explicity in clear, precise, and unequivocal terms. See Gimbel Brothers, Inc. v. William H. Vanderhercheñ, Inc., 468 F.2d 597 (Third Cir. 1972); Norfolk & Western Railway Co. v. Hardinger Transfer Co., 415 F. Supp. 507 (W.D., Pa. 1976); Westinghouse Electric Co. v. Murphy, Inc., 425 Pa. 166, 228 A.2d 656 (1967); Dilks v. Flohr Chevrolet, 411 Pa. 425, 192 A.2d 682 (1963); Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc., 404 Pa. 53, 171 A.2d 185 (1961). In Pittsburgh Steel Co., the Pennsylvania Supreme Court stated, 'there can be no presumption that the indemnitor intended to assume the responsibility [to indemnify for the indemnitee's negligence] unless the contract puts it beyond

doubt. ... .' Id. at 59, 171 A.2d at 188 (quoting Manhattan Ry. Co. v. Cornell, 54 Hun. 292, 7 N.Y.S. 557 (1889), aff'd. 130 N.Y. 637, 29 N.E. 151 (1891))." Chicago and Northwestern Transportation Corp. v. United Parcel Service, 522 F. Supp. 585 (E.D., Pa. 1981).

The Third Circuit Court, in applying Pennsylvania law, has noted that:

"The cases have distinguished situations where the indemnity clause explicitly referred to liability for a party's own negligence from situations where there was 'an obligation to indemnify for 'all liability' or 'all loss'.' Westinghouse Electric Co. v. Murphy, Inc., 425 Pa. 166 at 173, 228 A.2d 656 at 660. See also Neville Chemical Co. v. Union Carbide Corp., 422 F.2d at 1220 'The Clause that Carbide relies on does not include the word negligence or any of its cognates and is essentially a clause of general import'." Gimbel Brothers, Inc. v. William H. Vanderherchen, Inc., 468 F.2d 597, 599 (Third Cir., 1972).

Counsel for Armstrong vigorously contends that the line of cases containing the aforesaid language is inapplicable to the instant case. Instead, counsel urges the court to rely on Pennsylvania Engineering Corporation (PECOR) v. McGraw-Edison Company, 500 Pa. 605, 459 A.2d 329 (1983), for Armstrong's contention that the purchase-agreement indemnification clause applies to claims of negligence.

We find the PECOR case does not support Armstrong's position. Instead, we find it consistent with the Perry line of cases and Kerr's line of argument.

In the PECOR case, Pennsylvania Engineering Corporation purchased the assets of McGraw's

Lectromelt Furnace division for $2.7 million. The sales agreement provided in part that, "the Buyer (Pennsylvania Engineering Corporation) will as of the closing, assume and indemnify Seller (McGraw) against all claims against seller for breach of products' warranties or in the nature of product liabilities which claims are made after the closing. . . ."

Several disputes arose regarding the effect of this language which both parties seemed to find inadequate. After negotiations, a new agreement was reached which provided the following:

"Pecor and Lectromelt, jointly and severally, agree to indemnify McGraw and save and hold harmless McGraw from, against, for and in respect of any and all damages, losses, obligations, liabilities, claims, deficiencies, costs and expenses, including, without limitation, attorneys' fees and other costs and expenses incident to any suit, action, investigation, claim or proceeding relating to or in any way arising out of the Purchase and Sale Agreement referred to above [(between McGraw and Pecor)], the sale by McGraw of certain of the assets of McGraw's Lectromelt Furnance Division to Lectromelt under and pursuant to said Purchase and Sale Agreement, the operation of the business of the Lectromelt Furnace Division by McGraw prior to the date of said sale and the operation of said business by Lectromelt after the date of said sale, including, but not limited to, any such damages, losses, obligations, liabilities, claims, deficiencies, costs and expenses relating to or arising out of the breach or alleged breach by McGraw or Lectromelt of warranties, express or implied, on goods sold by McGraw or Lectromelt in the operation of said business, including, but not limited to the claim or claims referred to . . . ."

McGraw paid PECOR $600,000 in consideration of the agreement. Thereafter, PECOR defended McGraw in several claims until again a question arose regarding the scope of the clause. This time the Pennsylvania courts agreed that the contract clause specifically required PECOR to provide indemnification for all claims. The Supreme Court of Pennsylvania noted that:

"[W]hen one corporation purchases the assets of another with the purpose of continuing the business of the other under circumstances where the seller does not continue in that business, and when the *purchaser agrees to indemnify the seller for any and all liability of the seller relating to matters prior to the date of sale and receives a specific consideration therefor, the purchaser undertakes to indemnify the seller for liability premised upon the negligence of or the strict product liability of the seller."* (Emphasis added.)

Unfortunately for Armstrong, such a clause is not contained in its purchase agreement with Kerr Glass. Neither party argues that the terms of paragraph 10(c) are unclear or ambiguous. Thus, the court need only look at the contract in order to determine intent.

The clear language of the Armstrong and Kerr Glass agreement provides only for claims arising out of facts and events occurring after the closing date. At first blush, it seems applicable to the employee accident at issue in this action. However, although the incident occurred after the closing date, the negligence claim arises out of Armstrong's conduct prior to the closing date. Unlike the PECOR contract, this Armstrong contract contains no provisions for indemnification for Armstrong's actions prior to the closing date.

The language of the first PECOR agreement, although somewhat more specific in reference to product liability cases than that of paragraph 10(c) in the instant case, was nevertheless inadequate to meet the needs of the parties in PECOR. A new agreement was drawn, additional consideration was paid and PECOR proceeded to defend McGraw in various claims. None of these factors is present in this case. Instead, there is only a paragraph containing words of general import which the Pennsylvania courts have consistently held to be inadequate in providing indemnification for an indemnitee's own negligence.

Accordingly, the court enters the following

## ORDER

And now, this January 17, 1986, the motion for summary judgment filed by additional defendant Kerr Glass Manufacturing Corporation is granted.