## Jacob Siegel Company, Appellant, *v.* Philadelphia Record Company.

246

Argued November 26, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Arthur S. Arnold,* with him *Leo Weinrott,* for appellant.

*Horace Michener Schell,* with him *Daniel Lowenthal* and *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 3, 1944:

This is an action in trespass in which Jacob Siegel Company, tenant appellant, seeks to impose upon the Philadelphia Record Company, its landlord, liability for damages to appellant's merchandise resulting from defective water pipes. The court below sustained a statutory demurrer to the statement of claim and entered judgment for the appellee.

Clause 16 of the lease relieves the lessor from all liability "by reason of any damage to any person, persons, or property in the demised premises . . . from water, rain or snow . . . from the pipes or plumbing work . . . whether such damage, leak or flow be caused by or result from the negligence of the Lessor or its agents or any person or persons. Lessee hereby, in consideration of the rent herein specified, accepts and assumes such responsibility and liability . . ." This covenant is valid and enforceable. "It is a contract be-

tween persons conducting a strictly private business and relates entirely to their personal and private affairs, and so cannot be opposed to public policy": *Cannon v. Bresch,* 307 Pa. 31, 35; *Perry v. Payne,* 217 Pa. 252.

Appellant bases its right of recovery entirely upon Clause 17 of the lease which provides: "Lessee hereby releases Lessor from all liability for damages which may arise from any kind of injury to any person, persons or property on account of the use, misuse or abuse of all or any elevators, hatches or openings of any kind whatsoever that may exist or hereafter be erected or constructed on the said premises or from any kind of injury that may rise from any other cause on the said premises, unless such damage, injury, use, misuse, or abuse be caused by or result from the negligence of Lessor or its agents . . ."[1] It relies upon the latter portion of the clause which it says is sufficiently broad to cover all negligence on the part of the lessor.

Appellant seeks to use Clauses 17 and 53 for the purpose of demonstrating an ambiguity in the lease and invoke the rule that "in case of doubt or uncertainty as to the meaning of the language used in a lease, its provisions will be construed most strongly against the lessor and in favor of the lessee": *Larsh v. Frank & Seder,* 347 Pa. 387, 391.

We are unimpressed with this argument for the reason that there exists no ambiguity. Clause 16 provides for damage resulting from water in any manner. Clause 17 provides for damage or injury resulting from the use or misuse of elevators, hatches or openings of any kind whatsoever. Since lessee has contracted to assume all responsibility and liability arising from damage as a

---

[1] A rider is attached to the lease, and Clause 53 provides: "In Clause No. 17, phrase 'and assumes all liability' on first line, stricken out before signing. Word 'whether' on the 4th line stricken out and word 'unless' substituted before signing. Phrase 'or any person or persons' commencing on 4th and ending on 5th line, stricken out before signing."

result of water it is bound by its covenant and cannot now seek to impose that liability upon the lessor. "Where the language is plain and unambiguous, the rights of the parties must be determined by the provisions of the instruments wherein they committed their agreement to writing": *Musselman v. Sharswood. B. & L.*, 323 Pa. 550, 556.

Judgment affirmed.