## Casual Sportswear, Inc., v. Suravitz

*Welles, Mackie & Law*, for plaintiff.
*Nogi, O'Malley & Harris*, for defendant.

EAGEN, J., April 21, 1948.—Defendant in writing leased certain premises to plaintiff. This action seeks recovery for damages suffered by reason of water seeping through the front wall of the building as a result of negligent repairs made by defendant landlord to the gutters.

The lease provides inter alia:

"And in consideration of securing the within lease at the above stated rent, said Lessee does hereby release and discharge said Lessor, his heirs or assigns, from any and all liability for damage that may result from the bursting, stoppage and leakage of any water pipe, gas pipe, sewer, basin, water-closet, steam pipe and drain, and from all liability for any and all contents of said water pipes, gas pipes, steam pipes, sewers, basins, water-closets and drains."

We are here concerned with preliminary objections which contend that this provision in the lease agreement bars recovery in this action. The recent decision of this court in Anderson v. Wolfe, 233 September term, 1947, and Cannon v. Bresch, 307 Pa. 31, are cited in support of defendant's position. See also: Manius et vir v. Pittsburgh Housing Authority, 350 Pa. 512; Siegel Company v. Philadelphia Record Company, 348 Pa. 245.

94

In the Cannon case it was held that such covenants do not contravene public policy since it is a contract between persons conducting strictly private business and relates to their own personal affairs. Therein a clause releasing the landlord "from all liability for any and all damages caused by water" was interpreted to be all inclusive and to cover even damage resulting from negligence.

The narrow question herein is whether or not the damage specified is covered in the pertinent clause of the lease. We think not. This clause must be strictly construed and cannot be extended beyond its terms. It frees the landlord from liability only if the water causing the damage is from specific enumerated sources. It does not in our opinion, cover water leaking from gutters. If the landlord wished to escape liability from all damage caused by water as in the Cannon case, supra, he could very easily have said so.

Therefore, April 21, 1948, the objections to plaintiff's complaint are overruled. Defendant is permitted 10 days to answer over.