**McDonough v. Plantholt**

*J. E. Power, Jr.*, for plaintiff.

*H. R. Detweiler*, for defendant.

SMITH, P. J., November 3, 1950.—This matter comes before the court on plaintiffs' preliminary objections to an answer filed by defendant in an action of trespass.

An action in trespass was filed by plaintiffs alleging that minor plaintiff, his seven-year-old child, on September 15, 1949, sustained a severe cut on her left hand as the result of the existence of a broken pane of glass in one of the entrance doors of the first floor of an apartment house wherein adult plaintiff on May 12, 1949, had entered into a lease for a second-story apartment with defendant, at a rental of $8.50 a week for a term of one year. Defendant filed an answer to the complaint and in new matter averred that on May 12, 1949, plaintiff William T. McDonough and Rose C. McDonough, his wife, executed a written lease with defendant to begin on May 16, 1949, and which lease and its renewals was in effect on September 15, 1949, the date of the alleged accident, in which paragraph 11 of this lease provides:

"Lessee agrees to be responsible for and to relieve and hereby relieves the Lessor from all liability by reason of any injury or damage to any person or property in the demised premises, whether belonging to the Lessee or any other person, caused by any fire, breakage or leakage in any part or portion of the demised premises, or any part or portion of the building of which the demised premises is a part, or from water, rain or snow that may leak into, issue or flow from any part of the said premises, or of the building of which the demised premises is a part, from the drains, pipes, or plumbing work of the same, or from any place or quarter, whether such breakage, leakage, injury or damage be caused by or result from the negligence of Lessor or its servants or agents or any person or persons whatsoever."

Paragraph 12 of this lease also provides:

"Lessee also agrees to be responsible for and to relieve and hereby relieves Lessor from all liability by reason of any damage or injury to any person or thing which may arise from or be due to the use, misuse or abuse of all or any of the elevators, hatches, openings, stairways, hallways of any kind whatsoever which may exist or hereafter be erected or constructed on the said premises, or from any kind of injury which may arise from any other cause whatsoever on the said premises or the building of which the demised premises is a part, whether such damage, injury, use, misuse or abuse be caused by or result from the negligence of Lessor, its servants or agents or any other person or persons whatsoever."

It is averred that as a result of paragraphs 11 and 12 of the lease plaintiffs and each of them are barred from their right of recovery against defendant.

In Siegel Co. v. Philadelphia Record Company, 348 Pa. 245, 248, the court said:

"Where the language is plain and unambiguous, the rights of the parties must be determined by the provisions of the instruments wherein they committed their agreement to writing: Musselman v. Sharswood B. & L., 323 Pa. 550, 556."

To this answer and new matter plaintiffs filed preliminary objections. There seems to be no question that a landlord in a written lease may relieve himself from his liability to a tenant by reason of his negligent act:

"It is a contract between persons conducting a strictly private business and relates entirely to their personal and private affairs and so cannot be opposed to public policy": Siegel Co. v. Philadelphia Record Co., supra.

We thus are of the opinion that as to a tenant who has executed this written lease he would have no cause of action for an injury to himself resulting from an action of negligence on the part of the landlord.

The more important problem is whether a tenant may waive the rights of his minor child alleged to have been injured as the result of an act of negligence on the part of the landlord. We do not believe that the case of Brill v. Brill, 282 Pa. 276, submitted by plaintiff, is controlling. In that case the mother of the illegitimate minor plaintiff entered into an agreement with defendant whereby the latter executed a bond to guarantee stipulated payments to the mother and minor plaintiff, and the mother later agreed to accept a lesser amount and to release defendant from her support and from providing maintenance for the minor son. The son later brought suit by his next friend. The court, Stern, J. (C. P. No. 2), later affirmed by the Supreme Court in a per curiam opinion, considered the son as a third-party beneficiary and stated:

". . . the present plaintiff has a right of action under the bond, and that such right was not lost or impaired because of his mother's settlement with the defendant, since she had no authority merely by reason of her natural guardianship to compound or release his rights under the bond."

In the instant case, paragraph 12, stripped of some of its verbiage, says:

"Lessee . . . agrees to be responsible for and hereby relieves Lessor from all liability by reason of any . . . injury to any person . . . which may arise from or be due to the use (or) misuse of the hallways . . . or from any kind of injury which may arise from any other cause whatsoever on the said premises or the building of which the demised premises is a part, whether such damage, injury, use, misuse . . . be caused by or result from the negligence of Lessor, its servants, agents . . ."

In the case of Manius et vir v. Housing Authority, etc., 350 Pa. 512, 514, where a similar release was entered into as set forth in the lease between the hus-

band and wife and the landlord, suit was brought by the wife for injury sustained by her caused by an explosion of a gas stove. The claim was that the landlord was negligent because it had not repaired the stove after having had notice of its defective condition. The court, Mr. Justice Patterson, said:

"Appellants' covenant for the release of liability for damage arising from negligence on the part of their landlord was a part of the consideration for the lease itself. It is a writing under seal, supported by consideration, which 'in terms promises that a future right shall be released or discharged but contemplates no execution of a later writing or other action by the party purporting to promise, the intent being that the right when it arises shall be immediately discharged . . .' See Restatement, Contracts, section 402, comment b. This writing operates as a release in discharge of negligence of the lessor."

Since the injury to minor plaintiff was the result of a defective condition in a glass doorway on the first floor of the demised premises, a release executed by adult plaintiff, tenant, is effective as to any claim made against defendant arising out of any negligent action covered by the covenant. This would include any member of the tenant's family as well as third persons injured on the premises.

Plaintiff contends that this is against public policy but there are several cases in our appellate courts which deny this assertion. In Cannon v. Bresch, 307 Pa. 31, it was stated that such covenants do not contravene public policy since it is a contract between persons conducting strictly private business and relates to their own personal affairs. In that case it is stated that a clause releasing a landlord from "all liability for any and all damages caused by water" was interpreted to be all inclusive and to cover even damage resulting from negligence. Here the covenant is all inclusive. It

states: "Injury to any person . . . on the said premises, . . . caused by . . . the negligence of lessor." We do not know how this release could be in more comprehensive, unequivocal language. There seems to be no doubt or ambiguity in the covenant such as there was in Darrow et al. v. Keystone Stores, Inc., 365 Pa. 123.

Here the language is not only clear and unequivocal, but it is used to show that it was intended to cover those losses arising from the negligence of the indemnitee. It has often been stated that contracts of indemnity must receive a reasonable construction so as to carry out rather than defeat the purpose for which they were executed. There are some opinions from other jurisdictions which say that any contract by any person who assumes to place another party at the mercy of his own faulty conduct is void as against public policy. This statement of the law is too general and sweeping to receive judicial sanction: Checkley v. Ill. Central R. R., 257 Ill. 491; 6 Williston on Contracts (rev. ed.) 4967, sec. 1751B; Griffiths v. Broderick, Inc., 27 Wash. (2d) 901, 175 A. L. R. 1.

While we are of the opinion that the preliminary objections to this answer must be dismissed as the law stands today in this jurisdiction, as dictum we feel it is not improper to suggest that in these days when everyone has had difficulty in leasing houses and apartments that the landlord and the tenant are not equal in their bargaining power and that most tenants in urgent need for a home for themselves and families will feel that they must sign any lease, in any terms, as written by the landlord. Pennsylvania, however, has not as yet in the appellate courts indicated any intention to consider the circumstances of unequal bargaining power so we are bound by the law as it is now stated.

*Order*

And now, to wit, November 3, 1950, the preliminary objections are not sustained.