## Reading Co. v. Singelis

90

*Morgan, Lewis & Bockius*, for plaintiff.

*T. Henry Walnut*, for defendant.

WEINROTT, J., July 24, 1959.—Plaintiff, Reading Company, entered into a contract with defendant painting company for the painting of plaintiff's buildings in Port Reading, N. J. This contract contained the following indemnity provision which is pertinent to this action in assumpsit:

"And [Singelis] hereby assumes all liability for, and agrees to indemnify [Reading Co.] against all loss, cost or damages for or by reason of any liens, claims or demands for materials, or from laborers, mechanics and others, and any damages sustained by depositing materials to public injury, or to the injury of any person or corporation, including costs and expenses of defense, provided that he be duly notified of the bringing of suits in such cases, and be permitted to defend the same by his own counsel, if he should so elect, and any damages arising from injuries, deaths and losses sustained by mechanics, laborers or other persons, by reason of accidents or otherwise."

In the course of the work progress one Joseph E. Elko, Jr., an employe of defendant, was injured when a broken part extending from a Reading Company freight car struck the scaffold on which he was working, throwing him to the ground. Elko instituted an action against the Reading Company in New Jersey where he recovered a verdict for the sum of $60,000.

Plaintiff, Reading Company, sought reimbursement from defendant under the above-quoted indemnity provision in the contract, and asked in a second cause of action for contribution from defendant as a joint tortfeasor. This latter claim was abandoned because

of the New Jersey law which prohibits the payment of contribution as a joint tortfeasor by an employer paying workmen's compensation to an injured employe.

At trial, plaintiff introduced into evidence the agreement between the parties and the admission contained in defendant's answer that one Elko had secured a judgment which resulted in the expenditure by plaintiff, Reading Company, of $67,226.26, for satisfaction of the judgment and the payment of counsel fees, costs and expenses. Defendant then introduced into evidence the record of the trial in the case of Elko v. Reading Co., Superior Court of New Jersey, L. D. Middlesex County, Document #L-7252-52. We thereupon entered an order finding in favor of defendant Singelis and against plaintiff Reading Company.

Thereafter, plaintiff filed these exceptions to the decision of the trial court which again brings this matter before us.

It is the position of plaintiff, Reading Company, that it need only offer the indemnity agreement and judgment and then rest. This assertion is based on two grounds: One, that the indemnity agreement is broad enough to encompass any negligence on the part of plaintiff or its employes; and secondly, that even assuming that the indemnity provision may not be so construed, the burden of proof befalls defendant to show that the accident resulted from the sole or joint negligence of the Reading Company. Plaintiff argues that even under the more restricted interpretation of the agreement, if defendant proves that the injuries to Elko occurred as a result of the joint negligence of both parties, he would be required to pay only one half of the judgment, counsel fees and costs, and that if defendant demonstrates that the said injuries were the product of the negligence of plaintiff only then defendant would be absolved of liability.

We shall first consider the scope of defendant's undertaking in the light of the applicable law and the particular circumstances surrounding it. In the absence of a clear expression of intent to the contrary, a contract of indemnity will not be construed to indemnify against the negligence of the indemnitee: Perry v. Payne, 217 Pa. 252; Darrow v. Keystone 5, 10, 25, $1.00 Stores, Inc., 365 Pa. 123; Tidewater Field Warehouses, Inc. v. Fred Whitaker Company, Inc., 370 Pa. 538. However, a person may indemnify himself against his own negligence provided the intention to do so is clearly expressed: Jacob Siegel Company v. Philadelphia Record Company, 348 Pa. 245.

Defendant contends that the rule of Perry v. Payne, supra, has been liberalized by the Tidewater case, supra. Both the indemnity provision and the surrounding circumstances in that case, however, are quite different. The agreement there provided that Whitaker should maintain and pay at its own cost and expense adequate liability insurance for injuries to any persons except employes of Tidewater on or about the demised premises, and Whitaker assumed and agreed to pay all damages to property of persons upon the demised premises and to save Tidewater harmless therefrom. A reading of it in its context reveals that its real effect was to protect Tidewater from any suit for damages which might arise during the term of the lease. Whitaker owned the wool and it also had possession of the warehouse. It leased the warehouse to Tidewater for $1, and at the same time entered into a warehouse agreement whereby Whitaker supplied all of the labor, but such labor was under control of Tidewater while working in the warehouse. Tidewater had no right to select the men to do the work under the agreement; its only right was to control the men while performing the work. Tidewater maintained only one part-time employe on the premises and he

was also in the general employ of Whitaker. In other words, both property and labor were actually Whitaker's, and Tidewater was brought in solely for the purpose of meeting government requirements for the avoidance of the immediate payment of the duty on the wool owned by Whitaker.

Under such circumstances, it was both logical and practical that Tidewater should insist on protection against negligence of those employes who had been selected for it by Whitaker. It was for that reason that the broad all-inclusive indemnity clause was construed to indemnify against the negligence of the indemnitee.

We find no liberalization of the rule of construction that in the absence of a clear expression of intent to the contrary, a contract of indemnity will not be construed to indemnify against the negligence of the indemnitee. When we compare the situation involved in the instant case with that of the Tidewater case, supra, it becomes very evident that the greater number of employes about Port Reading, N. J., were those of plaintiff railroad; that defendant had no right to select or control them and that in its undertaking to paint certain buildings there, defendant could not have undertaken to indemnify plaintiff against damages arising from the negligence of plaintiff's own employes.

The analogy of the instant case to Perry v. Payne, supra, is contained in the following excerpt from that opinion, at page 259:

"It is contrary to experience and against reason that the contractors should agree to indemnify Perry against the negligence of himself or his employees. It would make them insurers, and impose a liability upon the contractors, the extent of which would be uncertain and indefinite, and entirely in the hands of Perry. The results of such a liability might become most disastrous."

The consideration named in the contract for the painting of the buildings and indemnifying the owner was wholly inadequate to justify defendant's assuming liability for his negligence. A single act of negligence on the part of plaintiff, over whom defendant would have no restraint or control whatever, might create a liability which a lifetime of successful business could not repay. An interpretation of the bond which might give rise to such results could hardly be regarded as reasonable or as giving effect to the intention of the parties.

We are constrained to conclude, therefore, that the facts of this case are most analogous to those of Perry v. Payne, supra. This construction precludes recovery by Reading Company against defendant if the accident were the sole result of the negligence of said plaintiff. Plaintiff argues, however, that even if this were so it would still be entitled to recover from defendant if defendant were solely or jointly negligent in the happening and causation of injuries to Elko.

Plaintiff insists that the court may not look beyond the judgment which it has pleaded, and that if defendant does not reëstablish the negligence of plaintiff, then plaintiff must recover. The absurdity of this argument is evident for regardless of how careless the record shows plaintiff or its employe to be, its opportunity for recovery against defendant indemnitor is enhanced by the possible inability of defendant to meet the burden of proof to reëstablish plaintiff's negligence, a fact which has already been adjudicated in the New Jersey suit.

The indemnitee would have the further advantage of the longer statute of limitations since suit could be brought long after the occurrence of the incident when the indemnitor could no longer find witnesses and evidence to substantiate his defense. An added benefit would flow to the indemnitee because the facts

surrounding the occurrence are often more accessible to the indemnitee where, as in the instant case, the accident occurs on its property.

Plaintiff, Reading Company, misconceives the import of notice to the indemnitor of the pending action and the affording to the indemnitor of an opportunity to defend the suit. This does not prevent the indemnitor from introducing the record in the prior action, but is only to permit proof of the extent of the loss by the indemnitee upon producing the judgment against it. See Orth v. Consumers Gas Co. 280 Pa. 118. Moreover, in the present case defendant indemnitor did not have a realistic opportunity to defend the action for he could offer no evidence to prove that he or his employes were not at fault. This occurred not by reason of any inaction on the part of defendant, but rather because of the New Jersey law prohibiting joinder for contribution purposes of one's employer.

Plaintiff may not have available to it the right merely to introduce the judgment in a prior case, particularly, where defendant had no opportunity to defend and then contend that the record on which that judgment is based is inadmissible. Plaintiff, upon introducing the judgment of the prior case, is bound by all the facts arrived at in the determination of that judgment. That judgment clearly shows that plaintiff was found guilty of negligence which caused the injuries to defendant's employe and by our construction of the indemnity agreement, plaintiff cannot obtain full indemnity from defendant on the ground the accident resulted solely from negligence which defendant is now admittedly unable to prove at this time outside of the record of the previous action.

We are firmly convinced that the burden of establishing that defendant was negligent falls upon plaintiff. It may not, under the circumstances of this case, merely introduce into evidence the judgment and

thereby impose upon defendant, in order to absolve himself of liability, the obligation to prove that the injuries resulted without any negligence on his part. The very core of this assumpsit action requires that plaintiff aver and prove the indemnity agreement and a loss for which defendant is liable to reimburse plaintiff. Plaintiff totally failed in the latter regard since it did not offer any evidence to demonstrate that defendant was wholly or jointly negligent in the happening of the Elko accident.

Therefore, we enter the following

*Order*

And now, to wit, July 24, 1959, the exceptions of plaintiff, Reading Company, to the decision of the court are dismissed, and judgment is entered in favor of defendant, A. E. Singelis, trading as Singelis Painting Company, and against plaintiff, Reading Company.