**Pittsburgh Steel Company, Appellant, *v.*
Patterson-Emerson-Comstock, Inc.**

Argued March 23, 1961. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

reargument refused June 20, 1961.

*Gilbert J. Helwig*, with him *Francis St. Clair O'Leary*, and *Reed, Smith, Shaw & McClay*, for appellant.

*H. A. Robinson*, with him *Dickie, McCamey, Chilcote & Robinson*, for original defendant, appellee.

Opinion by Mr. Justice Bell, May 25, 1961:

This appeal was taken from the judgment non obstante veredicto in favor of the defendant and additional defendant in an action of assumpsit. Plaintiff, Pittsburgh Steel Company, the present appellant, owned the property on which the construction was taking place. Plaintiff seeks *indemnity* for a sum it had been required to pay in settling an earlier action

brought by an employee of the additional defendant (Eichleay Corporation) against plaintiff-appellant.

Originally the plaintiff entered into a contract with defendant-Patterson for the installation by defendant of a blooming mill on plaintiff's premises. The contract contained the following clause: "INSURANCE CLAUSE: Contractor [Patterson] will indemnify, save harmless and defend buyer [the present plaintiff-appellant] from all liability for loss, damage or injury to person or property in any manner arising out of or incident to performance of this order and will furnish buyer with proper evidence that contractor is insured against such liability.

"Contractor will indemnify, save harmless and defend buyer from any and all claims, demands or suits made or brought against buyer on account of any of the terms or provisions of any applicable workmen's compensation law and will furnish buyer with the proper evidence that contractor is insured against all liability made under such law."

Defendant-Patterson was to perform the electrical work. In order to complete the general construction and mechanical installation of the mill, Patterson entered into a contract with the additional defendant—Eichleay Corporation. The contract between Patterson and Eichleay contained the identical clause with respect to insurance which was in Patterson's above-mentioned contract with plaintiff.

Before any work was commenced on the mill, all the parties met and agreed upon certain safety precautions. Among the precautions to be taken were the installation by Patterson of red lights to warn when workers were in a position of danger, and the installation by Eichleay of blocks on the crane rails. In spite of these oral understandings or agreements these safety measures were habitually ignored by all of the parties.

As a result of the negligent operation of a crane by an employee of the *present plaintiff*, one of Eichleay's workmen was severely injured. He brought suit in a Federal District Court against the present plaintiff. Eichleay was joined as additional defendant. During the course of the trial but before the jury rendered a verdict, the present plaintiff voluntarily settled with the workman-plaintiff for the sum of $87,615.54. The case was dismissed with prejudice.

The present suit was thereafter commenced in the Court of Common Pleas of Allegheny County by the plaintiff (Pittsburgh Steel Company) against Patterson for indemnity under the provisions of the hereinabove mentioned contract. Patterson joined Eichleay as additional defendant. The jury returned a special verdict in favor of plaintiff and against both defendants * in the sum of $129,326.62, which included legal fees, expenses and interest. Motions for judgment non obstante veredicto by Patterson and Eichleay were granted. This appeal followed the entry of judgment non obstante veredicto.

Unquestionably the Workmen's Compensation Act of June 2, 1915, P. L. 736, §303 as amended, 77 PS §481, precluded the injured worker from suing Eichleay, his employer. He was also precluded from suing Patterson, his *statutory* employer, under §203 of the Act. However, the present plaintiff (Pittsburgh Steel Company) as the property owner was not so insulated by the Workmen's Compensation Act and was subject to suit in a common law action in trespass: *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 153 A. 424.

Plaintiff's principal contention is that under the broad indemnity clause above quoted, Patterson is un-

---

* The jury specially found that Eichleay's workman was injured as a result of the failure by Patterson and Eichleay to employ the safety precautions agreed upon and the failure of the present plaintiff to enforce these safety precautions.

der a duty to indemnify plaintiff for sums paid by it to Eichleay's injured workman even though plaintiff's own negligence was legally the cause of the injury. Contracts indemnifying a party against his own negligence are valid: *Siegel Co. v. Philadelphia Record Co.,* 348 Pa. 245, 35 A. 2d 408; *Cannon v. Bresch,* 307 Pa. 31, 160 A. 595. However, the law is well settled that the intention to include within the scope of an indemnity contract, a loss due to the indemnitee's own negligence, must be expressed in clear and unequivocal language: *Tidewater Field Warehouses, Inc. v. Whitaker Co.,* 370 Pa. 538, 88 A. 2d 796; *Darrow v. Keystone Stores, Inc.,* 365 Pa. 123, 74 A. 2d 176; *Schroeder v. Gulf Refining Co. (No. 2),* 300 Pa. 405, 150 A. 665; *Perry v. Payne,* 217 Pa. 252, 66 A. 553. Cf. *Siegel Co. v. Philadelphia Record Co.,* 348 Pa. 245, 35 A. 2d 408.

Factually, the leading case of *Perry v. Payne,* supra, is almost on all fours with the instant case. In that case the contract between the parties contained a clause indemnifying the property owner " 'from *all** loss, cost or expense . . . *arising from accidents to* mechanics or *laborers employed in the construction of said work,* or to persons passing where the work is being constructed.' " During the course of the construction one of the contractor's workmen was killed through the negligence of one of the property owner's employees. The property owner was compelled to respond in damages for the death. He then brought an action in assumpsit on the indemnity bond against the contractor. This Court affirmed the entry of a judgment of nonsuit. In construing the contract clause in question this Court, speaking through Mr. Justice MESTREZAT aptly said (pages 259, 260, 262, 263): "The question presented here has not arisen or been determined in any of the reported decisions of this court. In other

---

* Italics throughout, ours.

jurisdictions, however, the inclination is decidedly against construing a contract of this character as indemnifying the indemnitee against his own negligence; and it is there held that a contract will not be so construed unless express language requires it. In Mynard, etc. v. Syracuse, etc., R.R. Co., 71 N.Y. 180, it is held that 'every presumption is against an intention to contract for immunity for not exercising ordinary diligence in the transaction of any business, and hence the general rule is that contracts will not be so construed unless expressed in unequivocal terms.' In Mitchell v. Southern Ry. Co., 24 Ky. L. Repr. 2388, Mr. Justice PAYNTER, speaking for the court, says: 'If a doubt existed as to its (clause of indemnity) meaning, the court would resolve that doubt against the contention that the contract was intended to indemnify appellee against its own negligence. Every presumption is against such intention. . . In Perkins v. New York Central R.R. Co., 24 N.Y. 196, the court said: "A party who claims exemption from liability for the negligence of his servants or agents must undoubtedly base his claim upon the express words of his contract. It will not be presumed in his favor." '

"In Manhattan Ry. Co. v. Cornell, 54 Hun. 292, affirmed by the court of appeals of New York, 130 N.Y. 637, a contractor, employed to construct an extension to the station platform of a railway, indemnified the railway company against 'all loss, cost or damage . . . *from any damages arising from injuries* sustained by mechanics, laborers or other persons, by reason of accident or otherwise.' During the progress of the work a laborer in the employ of the contractor was killed by an engine of the railway company for which the widow of the laborer recovered damages against the company. Suit was then brought by the company against the contractor on his indemnity contract, but it was held that the contract did not indemnify the company against

the negligence of its employees. In the opinion of the court it is said: 'For, while the language of this part of the contract is very general, it cannot reasonably be so construed as to impose upon the contractors the obligation to protect the plaintiff against the carelessness or negligence of persons in its own employment. What the party designed and intended by this part of the agreement was to indemnify the plaintiff against liability for any damages or injuries that might be sustained by persons in the employment of the contractors in the progress and execution of their work. . . There was no relation whatever existing between them (employees of the railway company) and the contractors, and it is not reasonable to suppose that in the use of this language, either the plaintiff or the contractors intended or understood the latter to be obligated to indemnify the plaintiff against the carelessness or misconduct of its own servants or employees.'

. . .

"We think it clear, on reason and authority, that a contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed *in unequivocal terms*. The liability on such indemnity is so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation. *No inference from words of general import can establish it*. The manifest purpose, in such cases, to indemnify against the injury which, under the circumstances, could reasonably be apprehended only from the action of the indemnitor or his servant, is a weighty consideration in construing indemnity contracts. The circumstances surrounding the parties, the one, the owner for whom the building is to be erected, and the other, the contractor who is to construct the

building and hence from whose acts injury to persons and property may be anticipated, would seem to make the conclusion irresistible, that unless expressly stipulated in the contract the owner is not to be indemnified against his own negligence. In the case in hand the parties have not expressly stipulated against injury occasioned by the indemnitee's own negligence, and we are satisfied, from the terms of the instrument read in the light of the circumstances surrounding the parties as well as the manifest purpose inducing the bond, that they did not intend to protect the indemnitee against his own or his servant's negligence."

In the instant case the indemnity clause is expressed in broad general terms. However there is no clearly expressed or unequivocal language in the clause of indemnity to show that indemnification for its own negligence was intended. Moreover, plaintiff drew this contract "and therefore if its meaning is ambiguous or reasonably susceptible of two interpretations, it must be construed most strongly against the party who drew it: Barium Steel Corp. v. Wiley, 379 Pa. 38, 44, 108 A. 2d 336; Betterman v. American Stores Co., 367 Pa. 193, 203, 80 A. 2d 66:" *Prudential Insurance Company of America v. Goodman & Theise, Inc.,* 396 Pa. 367, 370, 152 A. 2d 664.

Plaintiff relying on *Tidewater Field Warehouses, Inc. v. Whitaker Co.,* supra, argues that where the language of the contract is not explicit the Court will look to the circumstances surrounding it and the object of the parties in making it. This is a correct statement of the law, but unfortunately for plaintiff it cannot help him here. The facts of the *Tidewater* case are clearly distinguishable from the material facts in the instant case. In *Tidewater* the indemnitor had complete possession and control of the premises and actually selected and employed the people working upon them, although the indemnitee had technical control of the

employees while working there. While it is true that the indemnitee had one part-time employee on the premises, this employee was also in the employ of the indemnitor. Under these circumstances and conditions it was logical and reasonable for the Court to infer that the object of the indemnity contract was to save the indemnitee harmless from negligence by employees *so selected* and so employed. However, in the present case the facts are quite different. The indemnitee remained in possession of the premises. Its own employees continued working under its exclusive control. Under the construction contended for by plaintiff, Patterson and in turn Eichleay would be made insurers for acts of negligence over which they had or could have no control. Without more direct and unequivocal language in the contract, it is unreasonable to infer or conclude that the parties intended an indemnification of such magnitude.

Plaintiff also contends that Patterson was impliedly obligated to indemnify it against its loss under the principles of restitution. This contention is devoid of merit. In *Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A. 2d 368, speaking through Mr. Justice (later Chief Justice) STERN, we said (pages 325, 327-328) : ". . . The right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. . .

"Without multiplying instances, it is clear that the right of a person vicariously or secondarily liable for a tort to recover from one primarily liable has been universally recognized. But the important point to

be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. In the case of concurrent or joint tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other. The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him caused the injury." Accord: *Helz v. Pittsburgh*, 387 Pa. 169, 127 A. 2d 89. In the case at bar the jury found and the record supports the finding that each party was actively and primarily negligent. Therefore, under the authorities above cited there is no implied right of indemnity arising outside of the contract.

Likewise there is no right of contribution. Under the provisions of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, §2(3), 12 PS §2083(3) : "A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement." Since there is no proof or even

allegation in the present case that the release given to plaintiff by the injured workman accomplished the release of Patterson or Eichleay, plaintiff acquired no right of contribution against them. Furthermore, if any right of contribution were enforceable by plaintiff against Patterson or Eichleay this could not be in excess of Patterson's or Eichleay's statutory liability under the Workmen's Compensation Act: *J. W. Brown, Jr. Equipment Rental Corp. v. Dickey,* 397 Pa. 454, 155 A. 2d 836; *Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105.

Judgment affirmed.