399 A.2d 1103

**RICHARD'S 5 & 10, INC., Appellant,**

v.

**BROOKS HARVEY REALTY INVESTORS.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1978.

Decided March 16, 1979.

Norman Ashton Klinger, Norristown, for appellant.

Hugh M. Emory, Paoli, for appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order sustaining preliminary objections in the nature of a demurrer to an amended complaint in assumpsit.

" 'The question raised by [a] demurrer is whether upon the facts averred in the pleading being attacked the

law says with certainty that the claim or defense is no good, and if there is *any* doubt as to whether the demurrer should be sustained it should be resolved against the objecting party.'" *King v. United States Steel Corp.,* 432 Pa. 140, 144, 247 A.2d 563, 565 (1968) (citation omitted; original emphasis). Thus, on this appeal "every material and relevant fact well pleaded and every inference fairly deducible therefrom" must be construed in appellant's favor. *Philadelphia, to use of DePaul & Son v. Magnolia Cemetery Co. of Philadelphia,* 220 Pa.Super. 424, 426, 289 A.2d 191 (1972). So read, the amended complaint states the following case.

Appellant was the tenant of store space in a shopping center owned by appellee. Under the terms of the lease, appellee was obliged to keep the roof and exterior walls of the store in proper repair, provided appellant gave appellee written notice of the necessity of such repairs. Beginning in May 1973, appellant's roof began to leak, and appellant, on numerous occasions, gave proper notice of this to appellee. Nevertheless, appellee failed to repair the roof, and as a result, appellant suffered water damage to his inventory and other damages in excess of $49,464.41.

The lower court sustained the demurrer to appellant's amended complaint because of the presence of the following exculpatory clause in appellant's lease with appellee:

Landlord . . . shall not be liable for, and Tenant hereby releases all claims for, damages to person or property sustained by Tenant . . . resulting from any fire, accident, occurrence or condition in or upon the demised premises . . . , including but not limited to such claims for damage resulting from . . . (vi) water, snow, or ice being upon or coming through the roof or any other place upon or near such building or premises . . . .

Appellant does not contend that under the facts of this case this exculpatory clause is invalid. *See Employers L.A.C. v. Greenville B. Men's A.,* 423 Pa. 288, 291–92, 224 A.2d 620, 622, 623 (1966): "Generally speaking, an exculpatory clause is valid if: (a) 'it does not contravene any policy

of the law, that is, if it is not a matter of interest to the public or State' . . . ; (b) 'the contract is between persons relating entirely to their own private affairs' . . ; (c) 'each party is a free bargaining agent' and the clause is not in effect 'a mere contract of adhesion, whereby [one party] simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely.'" (Citations omitted.) However, appellant does contend that the clause is too ambiguous to relieve appellee of liability for the damages alleged in the amended complaint.

■ It is settled that even though an exculpatory clause may be generally valid, additional standards must be met before it will be interpreted so as to relieve a person of a liability that the law would otherwise impose. These standards are:

(1) contracts providing for immunity from liability for negligence must be construed strictly since they are not favorites of the law . . . ; (2) such contracts 'must spell out the intention of the parties with the greatest of particularity' . . . and show the intent to release from liability 'beyond doubt by express stipulation' and '[n]o inference from words of general import can establish it' . . . (3) such contracts must be construed with every intendment against the party who seeks the immunity from liability . . . (4) the burden to establish immunity from liability is upon the party who asserts such immunity . . . . [Citations omitted.]

*Employers L.A.C. v. Greenville B. Men's A., supra,* 423 Pa. at 292–93, 224 A.2d at 623.

*See also Kotwasinski v. Rasner,* 436 Pa. 32, 39, 258 A.2d 865, 868 (1969); *Dilks v. Flohr Chevrolet,* 411 Pa. 425, 434, 192 A.2d 682, 687 (1963); *Fidelity Bank v. Tiernan,* 249 Pa.Super. 216, 375 A.2d 1320, 1324–27 (1977); *Spallone v. Siegel,* 239 Pa.Super. 586, 590, 362 A.2d 263, 266 (1976).

■ Applying these standards here, it becomes apparent that the exculpatory clause does not by itself immunize appellee from damages caused by its failure to repair the

roof over appellant's store. The lease specifically provided that appellee was obliged to keep the roof in proper repair, and further specifically provided that performance of this obligation was conditioned only upon proper notice by appellant that the roof was in disrepair. In contrast to these specific provisions, the exculpatory clause was written in general terms, which said nothing about appellee being exonerated from liability resulting from its breach of the duties specifically set forth in the lease. One reasonable interpretation of the lease, which reconciles the specific repair clause with the general exculpatory clause is to read the exculpatory clause as immunizing appellee from liability caused by a leak occurring before appellant gave notice to appellee that the roof needed repair.[1] Since this interpretation is reasonable, the lower court improperly sustained appellee's demurrer.[2]

We know that some older cases may be read as leading support to the order of the lower court. *See Jacob Siegel Co. v. Philadelphia Record Co.,* 348 Pa. 245, 35 A.2d 408 (1944); *Cannon v. Bresch,* 307 Pa. 31, 160 A. 595 (1932). The continuing validity of these cases, however, has been questioned. *Spallone v. Siegel, supra,* 239 Pa.Super. at 591–98, 362 A.2d at 266–70; *Lincoln Pulp and Paper Co., Inc. v. Dravo Corp.,* 436 F.Supp. 262, 273 (D.Me.1977). *See also Westinghouse Electric Co. v. Murphy, Inc.,* 425 Pa. 166, 228 A.2d 656 (1967); *Morton v. Ambridge Borough,* 375 Pa. 630, 101 A.2d 661 (1954); *Husak v. Berkel, Inc.,* 234 Pa.Super. 452, 461, 341 A.2d 174, 179 (1975); *Keystone Aeronautics*

1. We note that appellant has posited another interpretation, namely, that the exculpatory clause is effective only "for the period of time that it would reasonably take a Landlord to discover the leak and make repairs. . . ." Appellant's Brief at 6. We make no comment on the validity of this interpretation.

2. Appellee argues that the general rule requiring strict construction of exculpatory clauses should be relaxed here because the exculpatory clause did not abrogate all the causes of action that appellant could have brought upon appellee's breach of the lease. In *Dilks v. Flohr Chevrolet, supra,* the Supreme Court held that the possibility that a party has other actions does not affect his right to bring a damage action allegedly abrogated by an exculpatory clause.

*Corp. v. R. J. Enstrom Corp.,* 499 F.2d 146, 149–50 (3d Cir. 1974); *Gimbel Bros., Inc. v. William H. Vanderherchen, Inc.,* 468 F.2d 597 (3d Cir. 1972); *Neville Chemical Co. v. Union Carbide Corp.,* 422 F.2d 1205, 1218–20 (3d Cir.), *cert. denied,* 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970) (*Cannon's* holding that exculpatory clause may be effective even though the word "negligence" or one of its cognates is not used implicitly questioned). *But see Bogutz v. Margolin,* 392 Pa. 151, 139 A.2d 649 (1958); *Zimmer v. Mitchell and Ness,* 253 Pa.Super. 474, 385 A.2d 437 (1978). In any event, the facts in *Cannon* and *Jacob Siegel Co.* distinguish those cases from the present case. In *Jacob Siegel Co.* the exculpatory clause stated explicitly that the landlord would not be liable for water damage to the tenant's property even though "such damage . . . be caused by or result from the negligence of the [landlord] . . . ." *Id.* 348 Pa. at 246, 35 A.2d at 408. The exculpatory clause also stated that this release was in consideration of rent, and the intention of the parties was revealed further by the presence of other provisions in the lease that the landlord would remain liable for other kinds of damages. In *Cannon* the exculpatory clause stated that the release for liability caused by water damage was in consideration of rent, and the lease apparently did not impose upon the landlord a duty to keep his boiler (which caused the water damage) in good repair. In contrast, the lease in the present case specifically imposed upon appellee the duty to repair the roof over appellant's store. The exculpatory clause did not refer to this duty, as one would expect had the parties intended to relieve appellee from liability caused by its breach of this duty, since "[s]uch a concession would hardly be looked for in a contract between business men" in the absence of an express provision. *Dilks v. Flohr Chevrolet, supra,* 411 Pa. at 436, 192 A.2d at 688.

Accordingly, the order of the lower court will be reversed, and the case remanded for further proceedings. This decision does not preclude appellee on remand from presenting evidence of the circumstances surrounding the

drafting of the exculpatory clause. Since the clause is ambiguous as to whether the parties intended to exonerate appellee from the damages involved in this case, parol evidence is admissible to resolve the ambiguity. *King v. United States Steel Corp., supra; Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.,* 404 Pa. 53, 60, 171 A.2d 185, 189 (1961); *Keystone Aeronautics v. R. J. Enstrom Corp., supra* at 149–50. *See generally Burns Manufacturing Co., Inc. v. Boehm,* 467 Pa. 307, 356 A.2d 763 (1976); *In re Plasterer's Estate,* 413 Pa. 513, 198 A.2d 525 (1964); *Universal Film Exchanges, Inc. v. Viking Theatre Corp.,* 400 Pa. 27, 161 A.2d 610 (1960). However, if such parol evidence is offered, appellee, as the party seeking protection of the clause, will have the burden of showing unequivocally that the clause was intended to extinguish rights that would have accrued to appellant in the absence of the clause, with any doubts as to the construction of the clause being resolved against appellee.

Reversed and remanded.